| | |
|---|---|
| VERNON BATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 4:20-cv-00114 |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| AMAZON LOGISTICS, INC. d/b/a | ) |
| Amazon Prime, | ) |
| | ) |
| Serve: CSC-Lawyers Incorporating | ) |
| Service Company | ) |
| 221 Bolivar Street | ) |
| Jefferson City, MO 65101 | ) |
| | ) |
| and | ) |
| | ) |
| BANANA LOGISTICS, LLC, | ) |
| | ) |
| Serve: Manager on Duty | ) |
| 4201 Denice Ct., Apt. 423 | ) |
| Sioux City, IA 51104 | ) |
| | ) |
| and | ) |
| | ) |
| ABDURAZAQ A. JAMA, | ) |
| | ) |
| Serve: Abdurazaq A. Jama | ) |
| 1530 S. 6th Street, Apt. C1002 | ) |
| Minneapolis, MN 55454 | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff, Vernon Bates (hereinafter "Bates"), by and through undersigned counsel, and files his complaint against defendants, Amazon Logistics, Inc. d/b/a Amazon Prime (hereinafter "Amazon"), Banana Logistics, Inc. (hereinafter "BAN LLC"), and Abdurazaq A.

Jama (hereinafter "Jama"), and for his causes of action against these defendants, states and shows the Court as follows:

## PARTIES

1. Plaintiff, Bates is a resident and citizen of the state of Georgia.

2. Defendant, Amazon, is a foreign corporation, organized and existing under the laws of the state of Delaware, and having its principal place of business in Seattle, Washington.

3. Defendant, BAN LLC, is a foreign limited liability company organized and existing under the laws of the state of Iowa.

4. Defendant, Jama, is a resident and citizen of the state of Minnesota.

## JURISDICTION AND VENUE

5. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. §1332(a) because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper in this District pursuant to 28 U.S.C. §1392(b)(2), in that a substantial part of the events giving rise to Plaintiff's claims and cause of action occurred within this District.

## FACTUAL BACKGROUND

7. Defendant BAN LLC is the owner of a red Freightliner tractor-truck bearing Vehicle Identification Number 3AKJGLD64ESFW1291 (hereinafter "Truck").

8. On the date of the crash, February 7, 2019, Defendants Amazon and BAN LLC were registered with the Federal Motor Carrier Safety Administration as Interstate Commercial Motor Carriers.

2

Case 4:20-cv-00114-FJG   Document 1   Filed 02/19/20   Page 2 of 20

9. Prior to February 7, 2019, Defendants Amazon and BAN LLC had applied for operating authority as contract carriers to the Federal Motor Carrier Safety Administration.

10. As of February 7, 2019, Defendants Amazon and BAN LLC had authority to operate as contract carriers.

11. At the time of the crash and at all relevant times, defendants BAN LLC and Jama were working as the agents or employees of defendant Amazon, hauling Amazon's freight in an attached trailer owned by Amazon.

12. At the time of the crash and at all relevant times, defendant Jama was acting within the course and scope of his employment and for a business purpose of Amazon and for Amazon's benefit. Defendants Amazon and BAN LLC are jointly and severally liable for all acts and omissions of Defendant Jama while he was operating within the course and scope of his employment and/or agency for Amazon, under the doctrines of *Respondeat Superior*, carrier-lessee liability, agency, and/or logo liability.

13. At all relevant times, Defendants Amazon and BAN LLC, and their agents, servants, employees and drivers, including defendant Jama, were subject to the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations).

14. In relevant part, the Federal Motor Carrier Regulations define "Motor Carriers" as a for hire motor carrier or a private motor carrier, including a motor carrier's agents, officers and representatives, as well as employees responsible for hiring, supervising, training, assigning or dispatching of drivers and employees concerned with the installation, inspection and maintenance of motor vehicle equipment and/or accessories; this definition includes the term "Employer". 49 C.F.R. §390.5.

15. In relevant part, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who, in the course of his or her employment directly affects commercial motor vehicle safety. "Employee" includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. §390.5.

16. At all relevant times, Defendant Jama was a driver of the Truck and therefore, an "employee," as defined by the Motor Carrier Safety Regulations.

17. In relevant part, the Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration. 49 C.F.R. §390.5.

18. At all relevant times, the Truck driven by Defendant Jama was a semitrailer and therefore, a "motor vehicle," as defined by the Motor Carrier Safety Regulations.

19. In relevant part, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce that owns or leases a commercial motor vehicle in connection with that business or assigns employees to operate it. 49 C.F.R. §390.5.

20. At all relevant times, Defendants Amazon and BAN LLC were "employers," as defined by the Motor Carrier Safety Regulations.

21. At the time of the crash the semitrailer displayed and bore the name Amazon and Prime.

22. The Federal Motor Carrier Safety Administration publishes safety reviews on commercial motor carriers, including Defendants Amazon and BAN LLC, designated into several categories of safety known as "BASIC" (Behavioral Analysis & Safety Improving Categories).

4

23. Leading up to the crash, Defendant BAN LLC and Defendant Jama were deficient in several BASIC safety categories, including unsafe driving for improperly leaving a vehicle in the roadway and driver fitness for inability of the driver to speak or read the English language.

24. On or about February 7, 2019, defendant Jama was operating the Truck south along Interstate 35 and was dangerously speeding too fast for conditions, causing him to lose control and, after swerving and coming to a stop, then left his semitrailer on the Interstate, failing to give proper warning that his semitrailer was stopped at all, much less that it was perpendicular to the southbound lanes of travel and blocking the southbound lanes of the Interstate.

25. Plaintiff Bates, driving within the speed limit and appropriate for conditions, and free of any negligence, also traveling south along Interstate 35, came upon Defendants' stopped Truck and trailer, which had no warning lights or flares, and was unable see Defendants' stopped Truck and trailer in the dark of night and the existing conditions in order to move out of his lane of travel in time to avoid colliding with the semitrailer, and was severely and permanently injured.

26. As a direct and proximate result of the collision and negligence of Defendants, and each of them, jointly and severally, Plaintiff and his family have suffered harms and losses because of the severe and permanently disabling injuries to plaintiff, including a severely broken leg, stroke, and consequent cognitive dysfunction; plaintiff has incurred past medical expense in excess of two million dollars ($2,000,000.00) and will incur medical and life-care expenses in the future; plaintiff has incurred lost wages and will continue to lose wages in the future, and plaintiff has suffered pain, discomfort, inconvenience, embarrassment, humiliation, anxiety, and distress, and will continue to suffer those things in the future.

27. In addition, the negligence of Defendants is outrageous and constituted gross negligence and demonstrated a conscious and reckless disregard for the rights and safety of others,

including Plaintiff, constituting aggravated circumstances and therefore, the imposition of aggravated damages are appropriate.

## COUNT I

## NEGLIGENCE AGAINST DEFENDANTS AMAZON AND BAN LLC – STATUTORY EMPLOYMENT

**COMES NOW** Plaintiff and re-alleges each and every paragraph set forth above as if they were set forth herein against Defendants Amazon and BAN LLC, and further states:

28. Based upon the foregoing allegations, Defendants Amazon and BAN LLC are vicariously liable for the negligence of Defendant Jama based upon the doctrines of statutory employment, logo, and/or lease liability.

**WHEREFORE** Plaintiff prays for judgment against Defendants Amazon Logistics, Inc. and Banana Logistics, LLC, jointly and severally, for a sum in excess of Seventy-Five Thousand Dollars ($75,000) as and for fair and reasonable compensation to Plaintiff for his actual damages, plus aggravated damages to punish and deter Defendants, interest as allowed by law, costs of this action, and for such other and further relief this Court deems just and proper.

## COUNT II

## NEGLIGENCE AGAINST DEFENDANTS AMAZON AND BAN LLC – *RESPONDEAT SUPERIOR*

**COMES NOW** Plaintiff and re-alleges each and every paragraph set forth above as if they were set forth herein against Defendants Amazon and BAN LLC and further states:

29. Based upon the foregoing allegations, Defendants Amazon and BAN LLC are vicariously liable for the negligence of Defendant Jama based upon the doctrines of agency and *respondeat superior*.

**WHEREFORE** Plaintiff prays for judgment against Defendants Amazon Logistics, Inc.

6

and Banana Logistics, LLC, jointly and severally, for a sum in excess of Seventy-Five Thousand Dollars ($75,000) as and for fair and reasonable compensation to Plaintiff for his actual damages, plus aggravated damages to punish and deter Defendant, interest as allowed by law, costs of this action, and for such other and further relief this Court deems just and proper.

## COUNT III

## INDEPENDENT NEGLIGENCE AGAINST DEFENDANTS AMAZON AND BAN LLC

**COMES NOW** Plaintiff and re-alleges each and every paragraph set forth above as if they were set forth herein at length against Defendants Amazon and BAN LLC, and further states:

30. Throughout their existence, Defendants Amazon and BAN LLC were, or should have been, aware of the existence of the Federal Motor Carrier Safety Regulations.

31. As an interstate motor carrier, Defendants Amazon and BAN LLC had a duty to follow and comply with the Federal Motor Carrier Safety Regulations.

32. The various safety regulations included within Parts 390 – 397, which Defendants had a duty to follow, include, but are not limited to, the following:

    a. Defendants had an independent duty to require observance by drivers of any duty or prohibition imposed upon the drivers by the Federal Motor Carrier Safety Regulations. 49 C.F.R. §390.11;

    b. Defendants had a duty to not require or permit a driver, including Defendant Jama, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle. 49 C.F.R. §392.3;

    c. Defendants had a duty to not allow or permit a driver, including Defendant Jama, to operate a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle. 49 C.F.R. §391.11.;

    d. Defendants had an independent duty not to aid, abet, encourage or require any employees to violate the safety regulations contained within Chapter 390. 490 C.F.R. §390.13;

7

e. Defendants had an independent duty to prohibit employees from driving a commercial vehicle unless the employee had first completed and furnished to Defendants an application for employment that meets the requirements as set forth in 49 C.F.R. §391.21(b);

f. Defendants had an independent duty to make investigations and inquiries with respect to each driver in their employ and to do so in the manner prescribed in 49 C.F.R. §391.23;

g. Defendants had an independent duty to obtain the motor vehicle record of every driver in their employ, including Defendant Jama, at least once every twelve months in order to determine whether that driver continues to meet the minimum requirements for safe driving or is disqualified to drive a commercial motor vehicle. 49 C.F.R. §391.25;

h. Defendants had an independent duty to require their drivers, including Defendant Jama, to furnish a list of all violations of motor vehicle traffic laws and ordinances of which he/she has been convicted in the preceding 12 months. 49 C.F.R. §391.27;

i. Defendants had an independent duty to prohibit drivers/employees, including Defendant Jama, from driving until the driver had successfully completed a road test and been issued a certificate of driver's road test. 40. C.F.R. §391.31;

j. Defendants had an independent duty to ensure that drivers, including Defendant Jama, were physically qualified to operate a commercial motor vehicle and that drivers had undergone the necessary examinations in the required timeframes as set forth within the Federal Motor Carrier Safety Regulations. 40 C.F.R. §391 – Subpart E; and,

k. Defendants had an independent duty to inspect, repair, and maintain, all of the motor vehicles subject to its control, including the motor vehicle operated by Defendant Jama on the day of the aforementioned crash, and to ensure that the motor vehicle and all of its parts and accessories were in proper operating condition at all times, including at the time of the aforementioned crash. 40 C.F.R. §396.3.

33. That it is custom and standard in the motor carrier industry to have in place an adequate safety program administered by competent and adequately trained safety personnel to ensure that the motor carrier and its drivers are adhering to the Federal Motor Carrier Safety Regulations, including but not limited the specifically aforementioned regulations.

34. That, at all times prior to the aforementioned collision, Defendants Amazon and BAN LLC failed to have in place an adequate safety program.

35. As a result of the inadequate and/or non-existent safety program, Defendants Amazon and BAN LLC violated Federal Motor Carrier Safety Regulations including, those specifically aforementioned regulations prior to the collision.

36. As a result of the inadequate and/or non-existent safety program, Defendants Amazon and BAN LLC allowed their drivers, including Defendant Jama, to violate numerous Federal Motor Carrier Safety Regulations, including the specifically aforementioned regulations prior to the aforementioned collision.

37. That Defendants' violation of numerous Federal Motor Carrier Safety Regulations, including the specifically aforementioned regulations, created a danger to the health, welfare, and safety of the motoring public.

38. Defendants were thereby negligent in that they failed to implement an adequate safety program and violated numerous Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

39. Defendants were thereby negligent in that they failed to implement an adequate safety program and failed to ensure that their agents, employees and drivers, including Defendant Jama, complied with the Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

40. As a direct and proximate result of the independent negligence of Defendants Amazon and BAN LLC, both jointly and severally, Plaintiff sustained damages.

41. Defendants knew or had information from which they, in the exercise of ordinary care, could have known that such conduct as described herein created a high degree of probability

of injury to the motoring public.

42. The conduct of Defendants as described herein, specifically including violations of various Federal Motor Carrier Safety Regulations was willful, wanton, and reckless, and showed complete indifference and conscious disregard for the safety of others, including Plaintiff, so as to warrant imposition of aggravated damages.

43. Because of Defendants' willful, wanton, and reckless behavior, and for their indifference and conscious disregard for the safety of the motoring public, aggravated damages are appropriate in this action in order to punish Defendants and to deter them and other trucking companies from similar conduct.

44. Defendants' reckless behavior showed a complete indifference and conscious disregard for the safety of the motoring public, and directly and proximately caused the severe and permanently disabling injuries suffered by Plaintiff.

**WHEREFORE** Plaintiff prays for judgment against Defendants Amazon Logistics, Inc. and Banana Logistics, LLC, jointly and severally, for a sum in excess of Seventy-Five Thousand Dollars ($75,000) as and for fair and reasonable compensation to Plaintiff for his actual damages, plus aggravated damages to punish and deter Defendants, interest as allowed by law, costs of this action, and for such other and further relief this Court deems just and proper.

## COUNT IV

### DIRECT NEGLIGENCE AGAINST DEFENDANTS AMAZON AND BAN LLC BASED UPON NEGLIGENT HIRING/RETENTION

**COMES NOW** Plaintiff and re-alleges each and every paragraph set forth above as if they were set forth herein against Defendants Amazon and BAN LLC and further states:

45. At all times prior to the aforementioned crash, Defendants Amazon and BAN LLC had a duty owed to the general public, including Plaintiff, imposed by common law, statutes, and

10

regulations, to diligently and adequately screen potential drivers, including as mandated by the Federal Motor Carrier Safety Regulations.

46. Such duties include, but are not limited to:

   a) To obtain a completed employment application before permitting an agent, servant, and/or employee to drive a commercial motor vehicle. 49 C.F.R. §391.21;

   b) To investigate the agents, servants, and/or employee's driver's employment record during the preceding three years by all reasonable means. 49 C.F.R. §§391.23(a)(2), 391.23(c);

   c) To inquire into the agent's, servant's, and/or employee's driving record within 30 days after employment begins. 49 C.F.R. §391.23(a);

   d) To require a successfully completed road test before commencing employment, and permitting the applicant, agent, servant, and/or employee to drive a commercial motor vehicle. 49 C.F.R. §391.31(a);

   e) To investigate the driver's safety performance history with Department of Transportation regulated employers during the preceding three years. 49 C.F.R. §391.23(2);

   f) Ensure that their driver was physically qualified to operate a tractor-trailer and had a valid and current DOT medical examiner's certificate. 49 C.F.R. §391.41; and

   g) Ensure that their driver had no current diagnoses or conditions likely to interfere with the ability to operate a commercial motor vehicle safely. 49 C.F.R. §391.41(b).

47. Defendants had a duty to comply with all of the above Federal Regulations, so as to protect the general public, including Plaintiff, from the unsafe operation of commercial motor vehicles by its drivers.

48. Defendant Jama was unqualified to operate a commercial motor vehicle due to his driving history, inexperience, lack of skill, lack of training, lack of knowledge, inability to speak or read English, and physical or medical conditions.

49. That, because of Defendant Jama's aforementioned inadequacies, Defendants

11

should not have hired him to operate a commercial motor vehicle.

50. That Defendants Amazon and BAN LLC knew, or through the exercise of ordinary care should have known that Defendant Jama was unqualified to safely operate a commercial motor vehicle.

51. That by failing to properly and adequately screen and investigate its drivers, including Defendant Jama, before and during employment, Defendants Amazon and BAN LLC violated numerous Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count.

52. Had Defendants followed and obeyed the Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count, they could have learned that Defendant Jama was unqualified to safely operate the Truck.

53. Defendant Jama's negligent conduct, acts, and omissions, on the date of Plaintiff's crash were consistent with, related to, and a product of his aforementioned inadequacies in operating a commercial motor vehicle.

54. Defendants' actions and omissions in hiring and/or retaining Defendant Jama, including the violations of the Federal Motor Carrier Safety Regulations, were a proximate cause of the injuries, damages, harms, and losses, sustained by Plaintiff resulting from the aforementioned crash.

55. Defendants' actions and omissions in hiring and/or retaining Defendant Jama, including violations of the Federal Motor Carrier Safety Regulations were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the safety of others.

56. Defendants' willful, wanton, and reckless conduct showed a complete indifference

and conscious disregard for the safety of the motoring public and aggravated damages are appropriate in this action in order to punish Defendants and to deter others and other trucking companies from the same or similar conduct.

**WHEREFORE** Plaintiff prays for judgment against Defendants Amazon Logistics, Inc. and Banana Logistics, LLC, jointly and severally, for a sum in excess of Seventy-Five Thousand Dollars ($75,000) as and for fair and reasonable compensation to Plaintiff for his actual damages, plus aggravated damages to punish and deter Defendants, interest as allowed by law, costs of this action, and for such other and further relief this Court deems just and proper.

## COUNT V

### DIRECT NEGLIGENCE AGAINST DEFENDANTS AMAZON AND BAN LLC BASED UPON NEGLIGENT TRAINING

**COMES NOW** Plaintiff and re-alleges each and every paragraph set forth above as if they were set forth herein against Defendants Amazon and BAN LLC and further states:

57. Defendants Amazon and BAN LLC owed the general public, including Plaintiff, a duty to properly train their drivers, including Defendant Jama, on the safe operation of the Truck.

58. Defendants Amazon and BAN LLC failed to properly instruct Defendant Jama on the safe operation of the Truck.

59. Defendants Amazon and BAN LLC owed the general public a duty to properly train their drivers, including Defendant Jama, on the safety regulations set forth in the Federal Motor Carrier Safety Regulations.

60. At all times prior to the aforementioned collision, Defendants Amazon and BAN LLC had a duty, imposed by law and regulations, to diligently and adequately screen potential drivers including as mandated by the Federal Motor Carrier Safety Regulations.

61. Such duties include, but are not limited to:

      a)     To require and verify that drivers pass a knowledge and skills test as prescribed by the Federal Motor Carrier Safety Regulations. 49 C.F.R. §380.109 and 49 C.F.R. §380.509;

      b)     To train drivers on the Federal Motor Carrier Safety Regulations pertaining to medical certification, medical examination procedures, general qualifications, responsibilities, and disqualifications. 49 C.F.R. §380.503;

      c)     To ensure that drivers have been properly trained and to show proof of that training with a training certificate. 49 C.F.R. §380.505;

62. Defendants Amazon and BAN LLC had a duty to properly instruct drivers, including Defendant Jama, on the rules and regulations as contained in Part 392 of the Federal Motor Carrier Safety Regulations which pertain to the safe operation of a commercial motor vehicle.

63. Defendants failed to properly instruct Defendant Jama on the Federal Motor Carrier Safety Regulations, including those specifically referenced in this count.

64. Defendants Amazon and BAN LLC owed the general public, including Plaintiff, a duty to provide ongoing safety courses to their drivers, including Defendant Jama.

65. Defendants failed to provide adequate and continuing safety courses to Defendant Jama.

66. Defendants Amazon and BAN LLC had a duty to comply with all of the above and below listed duties, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles by their drivers.

67. Defendants breached this duty to the general public, including Plaintiff, by, *inter alia*, failing to properly train Defendant Jama, who was unqualified, incompetent and should not have been permitted to operate the Truck.

68. Based on Defendant Jama's driving history, inadequate experience, inability to speak or read the English language, and training, Defendants Amazon and BAN LLC knew or had

14

Case 4:20-cv-00114-FJG   Document 1   Filed 02/19/20   Page 14 of 20

information from which defendants, in the exercise of ordinary care, should have known, that their driver operating the tractor-trailer created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

69. That Defendants Amazon and BAN LLC were negligent in failing to properly train their drivers, including Defendant Jama, on the safe operation of a commercial motor vehicle and the Federal Motor Carrier Safety Regulations.

70. That Defendants Amazon and BAN LLC were negligent in failing to provide continuing education on the safe operation of a commercial motor vehicle and on the Federal Motor Carrier Safety Regulations.

71. That Defendant Jama's negligent actions and/or inactions resulted from Defendants' failure to properly train him in the safe operation of a commercial motor vehicle and/or the adherence to the Federal Motor Carrier Safety Regulations.

72. The conduct, acts, and omissions of Defendants Amazon and BAN LLC relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and a conscious disregard for the safety of others.

73. Defendants' Amazon's and BAN LLC's conduct was willful, wanton, and reckless, and showed a complete indifference and a conscious disregard for the safety of the motoring public, such that aggravated damages are appropriate in this action in order to punish Defendants and to deter them and other trucking companies from similar conduct.

74. Plaintiff's damages were directly and proximately caused by Defendant Amazon's and BAN LLC's breach of and failure to comply with their duty to properly train Defendant Jama.

**WHEREFORE** Plaintiff prays for judgment against Defendants Amazon Logistics, Inc. and Banana Logistics, LLC, jointly and severally, for a sum in excess of Seventy-Five Thousand

Dollars ($75,000) as and for fair and reasonable compensation to Plaintiff for his actual damages, plus aggravated damages to punish and deter Defendants, interest as allowed by law, costs of this action, and for such other and further relief this Court deems just and proper.

## COUNT VI

### DIRECT NEGLIGENCE AGAINST DEFENDANTS AMAZON AND BAN LLC BASED UPON NEGLIGENT SUPERVISION

**COMES NOW** Plaintiff and re-alleges each and every paragraph set forth above as if they were set forth herein against Defendants Amazon and BAN LLC and further states:

75. Defendants Amazon and BAN LLC owed the general public, including Plaintiff, a duty to continuously evaluate their drivers' performance, including through supervision, and to discharge an incompetent or unsafe driver before he/she injured the public.

76. Defendants Amazon and BAN LLC had a duty to not permit a driver, including Defendant Jama, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle. 49 C.F.R. §392.3.

77. Defendants Amazon and BAN LLC had a duty to inquire into the motor vehicle record of their drivers and give "great weight" to violations such as speeding or unsafe driving. 49 C.F.R. §391.25.

78. Defendants Amazon and BAN LLC had a duty to ensure that their drivers were continuously qualified and could read and speak the English language to safely operate a commercial motor vehicle. 49 C.F.R. §391.11, 391.41, 391.43.

79. Defendants Amazon and BAN LLC had a duty to maintain a driver qualification file for each driver in their employ. 49 C.F.R. §391.51

16

Case 4:20-cv-00114-FJG   Document 1   Filed 02/19/20   Page 16 of 20

80. Defendants Amazon and BAN LLC had a duty to maintain a driver investigation history file for each driver in their employ. 49 C.F.R. §391.53.

81. Defendants Amazon and BAN LLC had a duty to not schedule a run, nor permit, nor require the operation of any commercial motor vehicle between points in such a period of time as would necessitate the commercial vehicle being operated at speeds greater than those prescribed by law. 49 C.F.R. §392.6.

82. Defendants Amazon and BAN LLC had a duty to comply with all of the above and below listed duties, Rules, Regulations and codes, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles by their drivers.

83. Defendants Amazon and BAN LLC breached the above duties to the general public, including to the Plaintiff, by failing to properly supervise Defendant Jama, who was unqualified, incompetent and should have been discharged prior to this crash.

84. Based on Defendant Jama's driving history and continued retention by Defendants Amazon and BAN LLC, Defendants knew or had information from which Defendants, in the exercise of ordinary care, should have known, that their driver operating the Truck created a high degree of probability of injury or death to other persons operating or traveling in motor vehicles on public roads, streets and highways.

85. The conduct, acts, and omissions of Defendants Amazon and BAN LLC relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and a conscious disregard for the safety of others, including Plaintiff.

86. Defendants' Amazon's and BAN LLC's conduct was willful, wanton, and reckless and showed complete indifference and conscious disregard for the safety of the motoring public, such that aggravated damages are appropriate in this action in order to punish Defendants and to

deter them and others from similar conduct.

87. Plaintiff's damages were directly and proximately caused by Defendants' breach of and failure to comply with their duty to properly train Defendant Jama.

**WHEREFORE** Plaintiff prays for judgment against Defendants Amazon Logistics, Inc., and Banana Logistics, LLC, for a sum in excess of Seventy-Five Thousand Dollars ($75,000) as and for fair and reasonable compensation to Plaintiff for his actual damages, plus aggravated damages to punish and deter Defendants, interest as allowed by law, costs of this action, and for such other and further relief this Court deems just and proper.

## COUNT VII
## NEGLIGENCE AGAINST DEFENDANT JAMA

**COMES NOW** Plaintiff, and re-alleges each and every paragraph set forth above as if they were set forth herein against Defendant Jama and further states:

88. At the time of this crash, Defendant Jama had a duty to exercise the highest degree of care in the operation of the Truck, and was negligent and failed to exercise the highest degree of care in the following ways, to wit:

   a) Stopping the Truck in a lane reserved for moving traffic;

   b) Stopping the Truck without adequate or timely warning, including but not limited to warning lights, flares, and hazard lights, violating 49 CFR 392.22;

   c) Driving the Truck at a speed greater than the posted limit on the highway in violation of R.S.Mo. 304.010;

   d) Improperly loading, securing and inspecting the load he was hauling;

   e) Operating the Truck without adequate training and experience;

   f) Operating the Truck when not properly qualified to do so;

   g) Driving the Truck while tired and/or fatigued in violation of 49 CFR 392.3;

18

      h)      Driving the Truck in a willful or wanton disregard for the safety of persons or property in violation of R.S.Mo. 302.780;

      i)      Driving beyond the 11-hour driving limit in a 14-hour period in violation of 49 CFR 395.3(a)(3); or

      j)      Driving in violation of 49 CFR 392.7; 392.9.

89. One or more of the negligent acts or omissions by Defendant Jama, as described in the above paragraphs and the below paragraphs, was a direct and proximate cause of the crash resulting in the harms, injuries, and losses to Plaintiff.

90. Defendant Jama knew or should have known that his conduct, acts, or omissions, as described herein created a high degree of probability of injury or death.

91. Defendant Jama was not properly qualified to operate the Truck and did not have the required training and experience and was operating in violation of the law and his conduct was reckless and showed a complete indifference and conscious disregard for the safety of the motoring public, so as to warrant the imposition of aggravated damages.

92. The operation of the Truck by Defendant Jama and the manner in which it was operated on the public interstate and roadway, was willful, wanton, and reckless, and showed complete indifference and conscious disregard for the safety of the motoring public, so as to warrant and justify aggravated damages.

93. The conduct, acts, and omissions, of Defendant Jama as described herein, specifically including violations of pertinent rules of the road and the Federal Motor Carrier Safety Regulations as listed within this Petition, as well as other acts and omissions as described herein, was willful, wanton, and reckless, and showed complete indifference and conscious disregard for the safety of the motoring public, so as to warrant and justify aggravated damages.

**WHEREFORE** Plaintiff prays for judgment against Defendant Jama in a sum in excess

of Seventy-Five Thousand Dollars ($75,000) for fair and reasonable compensation to Plaintiff for actual damages, plus aggravated damages to punish and deter Defendant Jama and others, interest as allowed by law, costs of this action, and for such other and further relief this Court deems just and proper.

**THE ONDER LAW FIRM**

By  /s/ Matthew P. O'Grady

Matthew P. O'Grady  #MO47543
110 E. Lockwood, 2nd Floor
St. Louis, MO 63119
314/963-9000 telephone
314/963-1700 facsimile
ogrady@onderlaw.com

*Attorney for Plaintiff*